# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPRINT NEXTEL CORPORATION, et al., | Case No.  1:13-cv-01174-AWI-SAB |
| Plaintiffs, | ORDER AFTER HEARING |
| v. | Further Hearing: January 8, 2014<br>9:30 a.m.<br>Courtroom 9 (SAB) |
| AARON SIMON WELCH, | |
| Defendant. | |

On October 30, 2013, Plaintiffs Sprint Nextel Corporation and Sprint Communications Company, L.P. ("Plaintiffs") filed a motion for default judgment.  (ECF No. 18.)  The matter was heard on December 4, 2013.

In light of the arguments made at the hearing, the Court will order Plaintiffs to provide the Court with supplemental briefing and set a further hearing.   Plaintiffs shall file a supplemental brief addressing the issues identified below by December 18, 2013.  The Court will set a further hearing to take place on January 8, 2014 at 9:30 a.m. in Courtroom 9 (SAB) before Magistrate Judge Stanley A. Boone.

/ / /

/ / /

/ / /

/ / /

## I.

## SUPPLEMENTAL BRIEFING

The supplemental briefing provided by Plaintiffs shall address the following issues:

### A.     Partial Default Judgment

Plaintiffs shall provide the Court with legal authority that authorizes the Court to enter a partial default judgment as to liability and as to a permanent injunction, while leaving open the issue of monetary damages.  Plaintiffs shall also address whether the provisions of Federal Rule of Civil Procedure 54(b) apply, pertaining to the entry of final judgment as to fewer than all of the claims raised in the action.  Plaintiffs shall also address the practical differences between seeking entry of partial default judgment as to liability and a permanent injunction, versus seeking entry of default and requesting a preliminary injunction and seeking default judgment on all claims after monetary damages have been ascertained.

### B.     Injunctive Relief

Plaintiffs shall provide the Court with legal authority that authorizes the Court to grant the type of injunctive relief requested by Plaintiffs in their motion for default judgment. Plaintiffs' request for injunctive relief appears to be overbroad, in that it prohibits conduct by Defendant that is not in and of itself unlawful.  For example, Plaintiffs request that Defendant be enjoined from purchasing Sprint phones, which is not unlawful in and of itself.  Other aspects of the request for injunctive relief appear to prohibit conduct that may be unlawful in certain circumstances, but not unlawful in all circumstances, such as selling or altering Sprint phones, advertising, soliciting or shipping Sprint products, accessing the software in Sprint phones, supplying Spring products to others, etc.  Plaintiffs shall also address whether the injunctive relief requested in their motion for default judgment is improper under Federal Rule of Civil Procedure 54(c) because it differs from what was demanded in the pleadings—the Complaint only sought to enjoin "Defendant from engaging in the *unlawful practices* described in this Complaint."  (Compl. 36:15-17 (italics added).)

/ / /

/ / /

### C.      Alternative Theories of Recovery/Election of Remedies

Plaintiffs shall provide the Court with legal authority, if any, that authorizes the Court to enter judgment in Plaintiffs' favor on multiple, alternative causes of action.  Some of the claims raised in the Complaint appear to set forth inconsistent theories of liability, such as Plaintiffs' breach of contract claims and unjust enrichment claims.  See Durell v. Sharp Healthcare, 183 Cal. App. 4th 1350, 1370 (2010).  In light of Plaintiffs' request for partial default judgment as to liability, Plaintiffs shall address whether it is proper for the Court to enter judgment as to liability on inconsistent theories of liability or whether Plaintiffs must elect which theory of recovery they wish to pursue at this stage.  See Donohue v. Apple, Inc., 871 F. Supp. 2d 913, 933 (N.D. Cal. 2012) (plaintiffs are entitled to plead alternative theories of liability, but they may only recover on one).

### D.      Breach of Contract Claims

Plaintiffs shall provide the Court with briefing regarding how Defendant breached the Terms and Conditions with Sprint.  Specifically, the Complaint alleges that Defendant breached the Terms and Conditions by failing to activate phones on the Sprint network and reselling Sprint phones.  However, having reviewed the copy of the Terms and Conditions attached to the Complaint, the Court is unable to find any terms of the agreement that require Defendant to activate phones or prohibit Defendant from reselling phones.  Moreover, the Complaint vaguely alleges that Defendant failed to pay monthly charges and early termination fees, but does not allege that Defendant incurred any such charges or fees.  Accordingly, Plaintiffs shall provide the Court with briefing that identifies the specific acts that constitute breach of the agreement and briefing that identifies the specific clauses from the agreement at issue.

Moreover, Plaintiffs allege that Defendant bought phones directly from Sprint as well as purchased phones second-hand from other individuals who purchased the phones directly from Sprint.  With respect to the phones purchased second-hand, Plaintiffs shall provide the Court with briefing on whether Defendant can be bound by the contractual terms and conditions governing the use of the phone when Defendant purchased the phone second-hand and therefore was not a party to the original purchase transaction with Sprint.

### E.   Trademark Claims

Plaintiffs shall provide the Court with legal authority, if any, regarding whether Defendant's resale of Sprint phones falls within the "first sale" doctrine, or whether the phones sold by Defendant are "materially different" from genuine phones sold by Sprint.[1]  Plaintiffs shall also address whether Defendant can be liable for trademark infringement when the trademarks at issue are those that Plaintiffs placed on the products, not marks placed by Defendant.  See Sebastian Intern., Inc. v. Longs Drug Stores Corp., 53 F.3d 1073, 1077 (9th Cir. 1995) ("Because Sebastian itself placed the collective mark on its products, it is primarily responsible for any confusion that resulted from the marks' assertion of affiliation, and that confusion cannot be used to support a charge of infringement against Longs.").  Plaintiffs shall also provide the Court with briefing on how Defendant's conduct constitutes contributory trademark infringement under Count Fourteen of the Complaint.

### F.   Computer Fraud and Abuse Act Claims

Plaintiffs shall provide the Court with legal authority, if any, regarding how Defendant's conduct falls within the proscriptions of the Computer Fraud and Abuse Act.  Specifically, Plaintiffs shall address:

- Whether Defendant possessed "intent to defraud" within the meaning of 18 U.S.C. § 1030(a)(6) and how Defendant defrauded Sprint;

- How the sale of phones constitutes trafficking in computer passwords;

- How Defendant gained unauthorized access to Sprint's network by turning on a Sprint cell phone, either purchased directly by Defendant or purchased second-hand from

---

[1] At the hearing, Plaintiffs argued that the phones were "materially different" because the warranties had been voided and Defendant advertise the phones as "new," implying that the phones included valid warranties.  However, there is no allegation in the Complaint that Defendants advertised the phones as "new" or otherwise suggested that the phones he sold included valid warranties.

Moreover, at the hearing, Plaintiffs acknowledged that reselling a Sprint phone is not in and of itself unlawful and Sprint "has no problem" with ordinary Sprint customers who resell their phones.  Presumably, such sales would involve the resale of Sprint phones that are no longer under warranty and bear the Sprint logo.  It is unclear why Defendant's conduct constitutes trademark infringement whereas resale of the same Sprint phone in similar condition by another customer would not constitute trademark infringement.  Since the court is being asked to take the allegations of the complaint as true in entering the requested relief, reference to the complaint is important in assisting the court in its findings and recommendations.

another Sprint customer;

- What "value" is obtained by Defendant by their allegedly unauthorized access to Sprint's network[2]; and

- Whether Plaintiff's authorized access claims are premised on Defendant's access to Sprint's network, premised on Defendant's access to the physical phone when "unlocking" it, or both.

Moreover, to the extent that Plaintiffs contend that Defendant's actions in "unlocking" Sprint phones in and of itself violates the Computer Fraud and Abuse Act Claims or is otherwise unlawful, Plaintiffs shall provide the Court with briefing on the unlawfulness of "unlocking" phones.

## II.

## CONCLUSION AND ORDER

Based upon the foregoing, it is HEREBY ORDERED that:

1.    Plaintiffs shall file supplemental briefing on the matters identified above by December 18, 2013; and

2.    A further hearing on Plaintiffs' motion for default judgment shall take place on January 8, 2014 at 9:30 a.m. in Courtroom 9 (SAB) before Magistrate Judge Stanley A. Boone.

IT IS SO ORDERED.

Dated:    __December 4, 2013__

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] At the hearing, Plaintiffs stated that Defendant turns on the phones briefly to check whether the hardware was operational and to determine whether the phone had a "bad ESN" or was reported as stolen. The extent of Defendant's access to Plaintiffs' wireless network during this time is unclear.