# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPRINT NEXTEL CORPORATION, et al., | Case No. 1:13-cv-01174-AWI-SAB |
| Plaintiffs, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| v. | ECF NO. 28 |
| AARON SIMON WELCH, | |
| Defendant. | |

On January 8, 2014 the magistrate judge assigned to this action issued a Findings and Recommendations recommending that Plaintiffs Sprint Nextel Corporation and Sprint Communications Company, L.P.'s ("Plaintiffs") motion for default judgment be partially granted. (ECF No. 28.) The Findings and Recommendations contained notice that any objections were to be filed within fourteen (14) days. On January 27, 2014, Plaintiffs filed objections to the Findings and Recommendations. (ECF No. 29.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case.

Plaintiffs object to the portions of the Findings and Recommendations recommending that Plaintiffs' request for a permanent injunction be denied. The magistrate judge recommended that the request for a permanent injunction be denied because Plaintiffs did not introduce any evidence in support their request and because the allegations in Plaintiffs' complaint were not

1

1 sufficient to demonstrate that the injunctive relief requested was appropriate. Further, the
2 magistrate judge found that the requested injunctive relief was overbroad because it was not
3 tailored to remedy the specific harm alleged.

4 Plaintiffs argue that they need not "prove up" their entitlement to injunctive relief and
5 that permanent injunctive relief can be granted on a motion for default judgment based solely on
6 the allegations in the complaint. However, the cases cited by Plaintiffs do not expressly stand for
7 the proposition that permanent injunctive relief need not be "proven up" in the default judgment
8 context. Nevertheless, the Court need not address Plaintiffs' argument. Even if Plaintiffs are
9 correct and that permanent injunctive relief can be granted solely on the allegations raised in a
10 complaint, the allegations in Plaintiffs' complaint, accepted as true, do not establish entitlement
11 to the injunctive relief requested in Plaintiffs' motion. Plaintiffs' complaint does not allege facts
12 that show that Plaintiffs suffered irreparable injury, that the remedies at law are inadequate to
13 compensate Plaintiff's injuries, that the balance of hardships favors Plaintiffs, or that injunctive
14 relief would be in the public's interest. See eBay Inc. v. MercExchange, LLC, 547 U.S. 388, 391
15 (2006).

16 Plaintiffs' allegations regarding Defendant's misconduct are vague and it is unclear that
17 the broad injunctive relief requested is appropriately tailored to remedy the specific harm
18 alleged. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1140 (9th Cir. 2009). The only
19 allegations pertaining to specific instances of misconduct in Plaintiffs' complaint are Plaintiffs'
20 allegations that Defendant invited a private investigator to participate in a scheme to obtain
21 iPhones from Sprint by filing false insurance claims and selling those phones to Defendant.
22 Notably, the Complaint does not allege that this plan was ever consummated as there is no
23 allegation that the private investigator actually acquired any iPhones or sold any iPhones to
24 Defendant. Moreover, there are no allegations of any specific instances where Defendant
25 wrongfully acquired or sold Sprint phones or engaged in activities that would be remedied by the
26 injunctive relief requested.

27 Having carefully reviewed the entire file, the Court finds that the Findings and
28 Recommendations are supported by the record and by proper analysis.

Accordingly, it is HEREBY ORDERED that:

1. The January 8, 2014 Findings and Recommendations are ADOPTED IN FULL;

2. Plaintiffs' motion for default judgment is PARTIALLY GRANTED;

3. DEFAULT JUDGMENT is entered in favor of Plaintiffs and against Defendant solely on the issue of liability; and

4. Plaintiffs' request for a permanent injunction is DENIED without prejudice.

IT IS SO ORDERED.

Dated: May 19, 2014

_____
SENIOR DISTRICT JUDGE

3