UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPRINT NEXTEL CORPORATION, and SPRINT COMMUNICATIONS COMPANY, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> AARON SIMON WELCH, individually and d/b/a/ THE CELL CYCLE, <br><br> Defendant. | Case No.: 1:13-cv-01174-AWI-SAB <br><br> **FINAL STIPULATED JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT AARON SIMON WELCH D/B/A THE CELL CYCLE** |

Plaintiffs Sprint Nextel Corporation and Sprint Communications Company, L.P. (collectively, "Sprint" or "Plaintiffs") brought the above-captioned lawsuit against Defendant Aaron Simon Welch d/b/a The Cell Cycle (collectively, "Defendant"), alleging that Defendant is engaged in an unlawful enterprise involving the unauthorized and deceptive bulk purchase and resale overseas of specially-manufactured wireless telephones designed for use on Sprint's wireless service, including the Sprint iPhone (collectively, "Sprint Phones" or "Sprint Handsets" or "Phones" or "Handsets"), the theft of Sprint's subsidy investment in the Phones, the unlawful access of Sprint's protected computer systems and wireless network, the trafficking of Sprint's protected and

1  confidential computer passwords, and the willful infringement of Sprint's trademarks
2  (collectively, the "Bulk Handset Trafficking Scheme" or the "Scheme").

3        Defendant perpetrated the Bulk Handset Trafficking Scheme by acquiring large
4  quantities of Sprint Phones from Sprint and/or Sprint authorized retailers and dealers, and
5  by soliciting others to purchase Sprint Phones in large quantities for the benefit of
6  Defendant.  Defendant acquired the Sprint Phones with the knowledge and intent that the
7  Phones will not be used on the Sprint wireless network (as required by the Sprint
8  contracts).  Instead, the Phones are trafficked and the vast majority are resold as new
9  overseas where the Phones are not subsidized by wireless carriers (as they are in the United
10  States) and where the Phones are not as readily available.  In some cases, Defendant
11  acquired the Sprint Phones with the knowledge and intent that the Phones will be
12  computer-hacked.  The purpose of this hacking, known as "unlocking," is to disable
13  software installed in the Phones by the manufacturers at the request and expense of Sprint,
14  which enables the activation of the Sprint Phones exclusively on Sprint's wireless system.
15  The purpose of the software is to allow Sprint to offer the Phones at a discount to the
16  consumer while protecting Sprint's subsidy investment in the Phone.  The illegally
17  unlocked Phones are trafficked and resold as new by Defendant, at a premium, under the
18  Sprint trademarks.

19        Sprint Phones are sold subject to terms and conditions ("Terms and Conditions")
20  which conspicuously restrict and limit the sale and use of the Phones.  These Terms and
21  Conditions are set forth in printed inserts that are packaged with each Phone and are posted
22  on Sprint's website.  Pursuant to the Terms and Conditions of Sprint Phones, purchasers
23  agree, among other things: (a) to pay the monthly service charges and other related fees; (b)
24  to pay an Early Termination Fee ("ETF") for each line of service that is terminated before
25  the contract term is concluded; (c) to activate the Sprint Phones on the Sprint CDMA
26
27  29094717.1
28  FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT
    AARON SIMON WELCH                        1:13-cv-01174

network; (d) not to resell the Sprint Phones and related products and services; and (e) not to use the Phones for a purpose that could damage or adversely affect Sprint.

As a result of Defendant's involvement in the Bulk Handset Trafficking Scheme, Sprint has asserted claims against Defendant for breach of contract, common law unfair competition, tortious interference with business relationships and prospective advantage, civil conspiracy, unjust enrichment, conspiracy to induce breach of contract, common law fraud, fraudulent misrepresentation, violations of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*, federal trademark infringement under 15 U.S.C. § 1114, federal common law trademark infringement and false advertising under 15 U.S.C. § 1125(a)(1)(A) and (B), contributory trademark infringement, conversion and unfair competition under Cal. Bus. & Pro. Code § 17200, *et. seq.*

The parties specifically stipulate (Docs. 36 and 36-1) to the following:

1.      This Court has jurisdiction over all the parties and all of the claims set forth in Sprint's Complaint.

2.      Sprint has the right to use and enforce rights in the standard character Sprint® mark and stylized Sprint® trademarks (collectively, the "Sprint Marks"), as depicted below:



Sprint uses the Sprint Marks on and in connection with its telecommunications products and services.  The Sprint Marks are valid, distinctive, protectable, famous, have acquired secondary meaning, and are associated exclusively with Sprint.

3.      The Terms and Conditions and the language in and on the packaging constitute a valid and binding contract enforceable against Defendant.  The acts of (a) failing to pay for monthly service charges; (b) failing to pay ETF fees; (c) failing to activate the Phones on the Sprint wireless network; (d) reselling and exporting the Sprint

29094717.1
FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT
AARON SIMON WELCH                                                    1:13-cv-01174

3

Phones and related products and services; and (e) using the Phones for a purpose that could damage or adversely affect Sprint, constitute independent breaches of contract for which Sprint is entitled to relief.

4.      The conduct set forth in the Complaint constitutes violations of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a)(1)(A) and (B) (federal trademark infringement and false advertising).  The conduct also constitutes breach of contract, common law unfair competition, tortious interference with business relationships and prospective advantage, civil conspiracy, unjust enrichment, conspiracy to induce breach of contract, common law fraud, fraudulent misrepresentation, violations of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*, contributory trademark infringement, conversion and unfair competition under Cal. Bus. & Pro. Code § 17200, *et. seq.*

5.      Sprint has suffered damages, including loss of goodwill and damage to its reputation, as a result of Defendant's conduct.  Sprint is entitled to damages and injunctive relief on the claims as set forth in the Complaint for the amount of $5 million.

6.      The last known address of Defendant is 408 San Juan Drive, Modesto, CA 95354.

7.      Defendant waives any and all rights to challenge the validity of this Final Judgment in this Court or in any other court, and specifically waives his right of appeal from the entry of this Final Judgment.

8.      A violation of this Permanent Injunction should be enforced by payment of compensatory damages to Plaintiffs in an amount of $5,000 for each Sprint Phone that Defendant is found to have purchased, sold or unlocked in violation of the Injunction.

Accordingly, it is ORDERED that,

Final judgment is entered against Defendant Aaron Simon Welch, and in favor of the Plaintiffs, on all of the claims set forth in Plaintiffs' Complaint in the principal amount

29094717.1
FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT
AARON SIMON WELCH                                                                                    1:13-cv-01174

4

1  of Five Million Dollars and Zero Cents ($5,000,000.00 (U.S.)), which shall bear interest at

2  the legal rate, for which let execution issue forthwith.

3       Defendant and all of his past and present agents, employees, heirs, personal

4  representatives, beneficiaries, relatives, and all other persons or entities acting or

5  purporting to act for them or on his behalf, including, but not limited to, any corporation,

6  partnership, proprietorship or entity of any type that is in any way affiliated or associated

7  with Defendant or Defendant's representatives, agents, assigns, employees, independent

8  contractors, associates, servants, and any and all persons and entities in active concert and

9  participation with Defendant who receive notice of this Order, shall be and hereby are

10  PERMANENTLY ENJOINED from, without Sprint's prior written consent:

11       a.   purchasing, selling, unlocking, reflashing, altering, advertising,

12            soliciting and/or shipping, directly or indirectly, any Sprint Phones;

13       b.   supplying Sprint Phones to or facilitating or in any way assisting

14            other persons or entities who Defendant knows or should know are

15            engaged in the purchase or sale of Sprint Phones or hacking, altering,

16            erasing, tampering with, deleting or otherwise disabling the software

17            installed in Sprint Phones;

18       c.   engaging in any of the conduct described in the Complaint as the

19            "Bulk Handset Trafficking Scheme;"

20       d.   supplying Sprint Phones to or facilitating or in any way assisting

21            other persons or entities who Defendant knows or should know are

22            engaged in any of the acts prohibited under this Permanent

23            Injunction, including, without limitation, the buying and/or selling of

24            Sprint Phones; and

25       e.   knowingly using the Sprint Marks or any other trademark, service

26            mark, trade name and/or trade dress owned or used by Sprint now or

27  29094717.1

28  FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT
    AARON SIMON WELCH                                        1:13-cv-01174

5

1                         in the future, or that is likely to cause confusion with Sprint's Marks,

2                         without Sprint's prior written authorization.

3         The Court retains jurisdiction over this matter and the parties to this action in order

4 to enforce any violation of the terms of this Permanent Injunction.  The Clerk of the Court

5 is directed to close this case.

6

7

8   IT IS SO ORDERED.

9   Dated:    January 28, 2015

10                                                     SENIOR  DISTRICT  JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   29094717.1

28   FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT
    AARON SIMON WELCH                             1:13-cv-01174